JOSEPH W. ROBINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33096. Promulgated December 26, 1930.

*Thomas O. Marlar, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, and *C. C. Holmes, Esq.*, for the respondent.

OPINION.

SMITH: The question presented by this proceeding is the proper basis for the determination of the gain upon the exchange of petitioner's 200 shares of stock in the Libbey Glass Co. in 1922 for shares of stock which had an admitted value of $72,105. The respondent contends that the basis is the cost of the property. (Section 202 (a) of the Revenue Act of 1921.) The petitioner contends, on the other hand, that the basis is the fair market value of the stock at the date that he received it in 1915. What this fair market value is is not disclosed by the record except that it was in excess of $200 per share and not in excess of $396.52. The petitioner contends that Libbey made him a gift of part of the market value of the shares of stock received in 1915; that the amount of this gift was the difference between $40,000 and the fair market value of the shares. In making this contention the petitioner places chief reliance upon the decision of the Board in *Harry F. Robertson*, 5 B. T. A. 748, wherein we held that the difference between the fair market value of land conveyed to Robertson and the amount paid therefor constituted a gift and that the taxable gain arising from the sale of the land was the difference between the fair market value at the time received and the selling price. In that case the facts were that Robertson's mother-in-law, who lived with him, offered to sell him land of a fair market value of $300 per acre at $165 per acre; that Robertson protested that the land was worth much more than that and that he would pay his mother-in-law $200 an acre for the land; that the purchase was therefore made at a price of $200 per acre. We were of the opinion that Robertson's mother-in-law made him a gift of the difference between the fair market value of the land and the amount which he paid for it.

We think that the facts in the *Robertson* case were substantially different from those which obtain in the instant proceeding. The stock of the Libbey Glass Co. was closely held. The petitioner knew of no sales of the stock in or about 1915. If the market value was only slightly in excess of $200 per share there would seem to be no basis for a contention that Libbey intended to make a gift. Libbey did not state to the petitioner that he intended to make the petitioner a gift. Upon this point the petitioner deposed that, when he discussed with Libbey the offer which he had received from the Owens Bottling Co., Libbey " * * * told me he wished I would stay where I was and we talked about the future, about my future

with that company [Libbey Glass Co.] and it was during that conversation that he told me that he would make arrangements to let me have stock in the company, which I did not own at that time."

Asked as to what, in the petitioner's opinion, the stock was worth in 1915, the petitioner stated:

Well, I could not say exactly what it was worth, but I recall distinctly that Mr. Libbey told me he was letting me have it at a much lower figure than it's real value but that he was doing it as a personal favor to me. He was doing it in a way to make it more attractive for me to stay there.

The petitioner further testified:

Q Did you or did you not consider yourself a representative of Mr. Libbey at the plant?
A I always thought so.
Q Did you advise him of the conditions at the plant?
A Always during his life.

The basis for the determination of the gain or loss upon the sale or other disposition in 1922 of property acquired by gift prior to 1921 is "the fair market price or value of such property at the time of such acquisition." (Section 202 (a) (3), Revenue Act of 1921). Where it is clear from the evidence that a vendor of property intends to make a gift of a part of the value of the property sold, we see no objection to adding the value of the gift to the purchase price of the property for the purpose of determining the actual gain realized by the vendee upon a subsequent sale of the property. That was the principle applied by the Board in the *Robertson* case, *supra*. In all such cases, however, the facts must be closely scrutinized. As we said in *E. Louis Jacobs*, 20 B. T. A. 529:

* * * Whether such difference [difference between the fair market value and purchase price] could be added to the purchase price to arrive at the basis to be used in computing gain or loss, where the alleged gift was made prior to January 1, 1921, is a question which we find it unnecessary to discuss; certainly it could be done, if at all, only where the evidence of a gift and its value is most convincing.

We are of the opinion that in the instant proceeding the evidence does not warrant a finding that Libbey intended to make or did make a gift to the petitioner in 1915. At most, he sold shares of stock in a closely held corporation at a bargain price and a gift of a part of the market value can not be predicated upon such slight evidence of an intention to make a gift.

The determination of the respondent that the petitioner realized a profit of $32,105 upon the disposition of the 200 shares of stock in question in 1922 is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

STERNHAGEN, concurring: I agree that the evidence does not prove a gift and that the basis for determining the gain is the cost of $200 a share irrespective of the value of the shares when purchased. But I can not accept the dicta that a transfer of title to a single piece or lot of property for a price may be treated as part gift and part sale because the price is less than the value of the property,—that "there is a gift of a part of the value of the property." The transaction is no less a single purchase or sale merely because the price is inadequate any more than it would be if the price were excessive; in which case, I take it, the seller could not escape tax on the theory that the gain was really a gift. And, in my opinion, the violation of accepted legal concepts is not softened by a bland distinction based on a family or friendly relation between the parties which makes it easy or hard to believe that such a " gift " was intended.

MORRIS, VAN FOSSAN, MURDOCK, and MATTHEWS agree with this concurring opinion.